UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JORGE HERNANDEZ-PINEDA, | ) | CASE NO. 4:11 CV1377 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| HARLEY G. LAPPIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

*Pro se* Petitioner Jorge Hernandez-Pineda filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, 18 U.S.C. § 242,[1] and 18 U.S.C. § 4001. He names Harley G. Lappin, Director of the Bureau of Prisons (BOP), Corrections Corporation of America ("CCA") President & CEO John D. Ferguson, and Warden Roddie Rushing at the Northeast Ohio

---

[1] Petitioner cannot assert a claim he is entitled to protection under 18 U.S.C. § 242. The statute criminalizes any conspiracy to deprive persons of their rights secured by the Constitution or laws of the United States, and the deprivation of rights under color of law. *See* 18 U.S.C. § 242. Because the statute does not provide any basis for civil liability, Petitioner cannot state a claim upon which relief may be granted. *See Krajicek v. Justin*, No. 98-1249, 1999 WL 195734 at *1 (6th Cir. Mar.23, 1999), *cert. denied*, 528 U.S. 1046 (1999)(holding that §§ 241-242 do not provide a basis for civil liability); *Owens v. Johnson*, No. 98-1728, 1999 WL 777453 at *1 (6th Cir. Sept.16, 1999)(holding that § 242 does not provide a private cause of action).

Correctional Center (N.E.O.C.C.) as Respondents. He also filed a Motion Seeking Leave to Add Further Documents in support of his Original Petition (Doc. No. 4), which is **granted**.

Petitioner, who is incarcerated at N.E.O.C.C., asserts his Fifth and Fourteenth Amendment rights were violated when he was transferred to the prison based, in part, on his nationality. For the reasons set forth below, the Petition is **denied**.

*Background*

Petitioner is a non-citizen immigrant from Guatemala. Four years ago, he was indicted in the United States District Court for the Western District of Kentucky. *See United States v. Hernandez-Pineda*, No. 3:06cr0136 (W.D. Ky 2006). He later pled guilty to possession with intent to distribute Methamphetamine and cocaine in violation of 21 U.S.C. § 841(A)(1). The district court sentenced him to 87 months imprisonment on June 18, 2007.

Once he was remanded to BOP custody, Petitioner was classified as a low security inmate. On September 4, 2007, the BOP transferred him to N.E.O.C.C., allegedly based on his nationality, country of origin and immigration status.

Petitioner was allegedly advised his transfer to N.E.O.C.C. was part of a contractual arrangement between C.C.A. and the BOP which authorized prisoner transfers based on a combination of national origin, immigration status and low security re-classification. He asserts this is a violation of the constitution. As such, Petitioner raises two grounds for relief; namely, (1) his transfer and "segregation" based on nationality violate the 5th and 14th Amendments of the Constitution; and (2) the contract between C.C.A. and the BOP is illegal, unconstitutional and invalid because it permits unlawful housing of prisoners based on nationality. For relief, he seeks immediate transfer, at the same security level, to a BOP facility versus the private prison where he

is now housed, an order directing N.E.O.C.C. to treat all prisoners the same, regardless of nationality or immigrant status and, finally, a declaration that the CCA/BOP contract is null and void.

Petitioner's "Conclusion" paragraph also draws the Court's attention to *Thanthavongsa v. Lappin*, No. 09-3243, slip op. at 2 (6th Cir. Apr. 25, 2011), a recently unpublished Sixth Circuit Court of Appeals opinion. The *Thanthavongsa* court held that the district court erred in deciding an alien could not raise his equal protection claim in a habeas petition. The Sixth Circuit stated: "Thanthavongsa alleged more than a simple prison transfer, and his claim is cognizable under § 2241. Although the respondents claim that *Jalili* [925 F.2d 889 (6th Cir. 1991)] has been called into doubt, we are bound to apply controlling precedent unless that precedent is overruled by the Supreme Court or by this court sitting *en banc*." *Id.*(citation omitted).

*Federal Habeas Petitions*
*28 U.S.C. § 2241*

Section 2241 in Title 28 of the United States Code provides, in relevant part, that:

> (c) The writ of habeas corpus shall not extend to a prisoner unless–
>
> > (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> >
> > (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> >
> > (3) He is in custody in violation of the Constitution or laws or treaties of the United States;

28 U.S.C. § 2241(c). The purpose of the statute is to extend relief to any prisoner's "custody" challenge. The Supreme Court has repeatedly explained that,"[c]hallenges to the lawfulness of

confinement or to particulars affecting its duration are the province of habeas corpus." *Hill v. McDonough*, 547 U.S. 573, 579 (2006)(quoting *Muhammad v. Close,* 540 U.S. 749, 750(2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). This is why "federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254[§ 2241 for federal prisoners], and a complaint under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983." *Muhammad*, 540 U.S. at 750. The Sixth Circuit has followed the Supreme Court's consistent holding that habeas relief is designed to test the fact or duration of confinement. *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir.2007). Thus, a habeas corpus petition is the proper mechanism for a prisoner attacking the "legality or duration" of his or her confinement. *Preiser*, 411 U.S. at 484. As the *Preiser* court explained:

> It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the *traditional function of the writ is to secure release from illegal custody*. By the end of the 16th century, there were in England several forms of habeas corpus, of which the most important and the only one with which we are here concerned was habeas corpus ad subjiciendum-the writ used to 'inquir(e) into illegal detention with a view to an order releasing the petitioner.' *Fay v. Noia*, 372 U.S. 391, 399 n. 5, 83 S. Ct. 822, 827, 9 L. Ed.2d 837 (1963)

*Id*. (emphasis added). The Supreme Court reemphasized this axiom in *Nelson v. Campbell*, 541 U.S. 637 (2004). In *Nelson,* the Court explained that "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that [habeas corpus] core and may be brought pursuant to § 1983 in the first instance."*Id.* at 643 (citations omitted). Within months after *Nelson* was issued, the Court again noted that

"[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammed*, 540 U.S. at 750.

Nothing in the present Petition suggests Petitioner is seeking immediate release, or release earlier than his scheduled date. Instead, he claims it is his transfer to N.E.O.C.C. based on nationality that violates the Fifth and Fourteenth Amendments, and he seeks to continue his term of imprisonment, albeit in a BOP facility. Petitioner explicitly moves this Court to:

> Order the respondents to immediately transfer the petitioner to a Federal Bureau of Prisons facility in accordance with the petitioner's low security classification status level, and sentencing court recommendation (2) Order the Federal Bureau of Prisons to treat the petitioner similar to all other FBOP INMATES regardless of petitioner's national origin, or immigration status, and to afford said petitioner all the same privileges and benefits afforded to the United States citizen inmates, in accordance with . . . the Due Process and Equal Protection Clause of the 5th and 14th amendments of the United States Constitution and . . . ; (3) Issue an Order declaring the contract between FBOP and CCA illegal, unconstitutional.

(Pet. at 13.)[2] These demands suggest the BOP is treating Petitioner differently than similarly situated inmates. Citing both a Supreme Court and District Court of the Virgin Islands decision, Petitioner asserts his segregation by race, national origin or immigrant status reflects unconstitutional treatment entitling him to habeas relief. *See Johnson v. California*, 543 U.S. 499 (2005); *Sailer v. Tonkin*, 356

---

[2]Petitioner also makes general statements regarding aliens and their rights to participate in certain prison programs. If he were to challenge the denial of a request to participate in an early release program, it is conceivable that he could file a habeas petition after exhausting his administrative remedies. *See Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981) (federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief). The issue of the denial of such a request is not before the Court at this time, however.

F. Supp. 72 (D.C. VI 1973). Neither *Johnson* nor *Tonkin*, however, was filed as a habeas petition.[3] Claims exclusively requesting relief based on the conditions of one's confinement, must be filed as a civil rights complaint pursuant to 42 U.S.C. § 1983, or *Bivens*.[4] While some habeas petitions may <u>include</u> arguments that the prisoner's treatment is in violation of the Constitution, these petitions always involve claims in which the nature of the prisoner's injury entitles him or her to habeas relief. *See e.g. Preiser*, 411 U.S. at 487-88; *see also, Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir.1989) (holding that habeas review is available in suits seeking "release not from prison but just from a more to a less confining form of incarceration" as well as in suits seeking relief likely "to accelerate ... release from prison"); *Del Raine v. Carlson*, 826 F.2d 698, 702 (7th Cir.1987) (same); *Brennan v. Cunningham*, 813 F.2d 1, 4-5 (1st Cir.1987) (same); *Boudin v. Thomas*, 732 F.2d 1107, 1111-12 (2d Cir.1984) (holding an action seeking transfer from a more to a less restrictive prison environment properly cognizable under habeas, not *Bivens*).

Finally, the Sixth Circuit's holding in *Jalili*, upon which the court later relied in *Thanthavongsa*, supports dismissal of this action. The facts in *Jalili* were unique. At sentencing, the district court ordered *Jalili* to serve 10 months imprisonment, but designated he serve the full term in a community treatment center (C.T.C.). Shortly after his sentence commenced, however,

---

[3] *Johnson*, which involved an African-American inmate who asserted a constitutional challenge to an unwritten policy of placing new or transferred prisoners based on race, was filed as an equal-protection civil rights action pursuant to 42 U.S.C. §§ 1981 and 1983, not as a habeas petition. The relevance of *Tonkin* is even more remote. The action was brought to test the constitutionality of a provision under the Criminal Victims Compensation Act. The petitioner challenged the statute's bar against non-resident aliens, among other classes of persons, from enjoying the benefits offered under the Act to victims who sustained injuries resulting from criminal acts in the Virgin Islands. *Tonkin*, 356 F. Supp. at 73.

[4] While Petitioner cites 18 U.S.C. § 4001 as a basis for jurisdiction, the statute is similarly restricted to condition of confinement claims.

Jalili was convicted of four felony counts in state court. As a consequence, his eligibility for C.T.C. confinement was reevaluated by the BOP, resulting in his subsequent transfer to a more secure facility. Jalili challenged the BOP's transfer as an unlawful restraint by filing a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. The district court determined it lacked authority to designate Jalili's place of confinement. It then vacated the original sentence as "not authorized by law." The Sixth Circuit reversed, holding that the original sentence was authorized by law, but that the district court's directive ordering Jalili to serve his sentence in a C.T.C. was "mere surplasage." Moreover, the district court lacked jurisdiction to address Jalili's challenge to his place of confinement through a § 2255 Motion to Vacate. *See Jalili*, 925 F.2d at 893-94. Instead, the Sixth Circuit determined his request was an attack on the BOP's execution of his sentence, which should have been filed as a habeas petition pursuant to 28 U.S.C. §2241. Unlike the present Petition, the prisoner in *Jalili* challenged the BOP's transfer because it was not properly executing the sentence imposed by the trial court. Moreover, his transfer from a C.T.C. to a prison facility involved a move from a less restrictive environment to a more restrictive environment, the claim was cognizable under habeas. *See e.g. Boudin*, 732 F.2d at1111-12 . This illuminates the Sixth Circuit's rationale for suggesting Jalili's petition was essentially a challenge to the execution of his sentence; and, thus better addressed in a habeas petition pursuant to 28 U.S.C. § 2241. *See e.g. Capaldi v. Pontesso,* 135 F.3d 1122 (6th Cir. 1998).

        The present Petition does not seek to challenge the manner in which the BOP is executing the Petitioner's sentence. Instead, it is a declaration that Petitioner's civil rights are being violated because of unequal treatment. And these alleged violations are affecting the conditions under which the Petitioner is confined. This is the only injury he has expressed. While there are

some claims that may both be brought under habeas and § 1983, or its equivalent, *see, e.g., Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009)(claim challenging Parole Commission videoconferencing parole proceedings cognizable under habeas statute), this case is not one of them. Therefore, this Court lacks habeas jurisdiction over Petitioner's civil rights attack on the conditions of his confinement at N.E.O.C.C.

*Conclusion*

Based on the foregoing, the Petition is denied pursuant to 28 U.S.C. § 2243. Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: 12/14/11
Decemebr 16, 2011

/s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE